WHITE STAR GARAGE, INC., Appellant, *v.* ANGELO J. ARDIZONE, Respondent.

(Supreme Court, Appellate Term, First Department, May, 1919.)

Trial — in Municipal Court, city of New York — when order directing trial by jury unauthorized — motion and orders — appeal — Municipal Court Code, §§ 118(2), 155.

Section 118(2) of the Municipal Court Code limits the time within which a trial justice may determine whether or not a case should be tried by a jury, to a time either "before or during the trial."

An order directing a trial by jury in a Municipal Court action, made after the final submission of a case tried without a jury, is illegal and unauthorized.

A motion by defendant for an order directing plaintiff to pay a jury fee and a motion by plaintiff to vacate the order directing a jury trial coming on to be heard at the same time, defendant's motion was granted and plaintiff's motion denied. Upon the case being called for trial plaintiff, having refused

Appellate Term, First Department, May, 1919.    [Vol. 107.

to pay the jury fee, announced its readiness to proceed without a jury. Defendant's motion to dismiss the complaint on the ground that plaintiff had failed to comply with the orders of the court was granted. *Held,* that under section 155 of the Municipal Court Code plaintiff's appeal from the judgment entered against it brought up for review the several intermediate orders specified in the notice of appeal.

Appeal by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, sixth district, dismissing the complaint and from several orders specified in the opinion.

Harris Koppelman, for appellant.

Harry Stackell, for respondent.

Whitaker, J. The facts in this case are undisputed. The action was tried without a jury and submitted to the court, who reserved decision. Within the fourteen days provided for by section 119 of the Municipal Court Code, after the case was finally submitted the justice made the following order: " I hereby find and decide that, after trial, case set for trial by jury October 24th, 1918, and the clerk is hereby directed to enter judgment accordingly." This order was entered on September 30, 1918. After the case had been adjourned from time to time, the defendant moved for an order directing the plaintiff to pay a jury fee and the plaintiff moved for an order vacating the order of September thirtieth, aforesaid. And both motions came on to be heard at the same time. The motion of defendant was granted and the plaintiff directed to pay a jury fee by the 9th of December, 1918; and the plaintiff's motion was denied and orders to that effect were entered on December 3, 1918. On December 12, 1918, the case was called for trial. The plaintiff had refused to pay the jury fee, and at the opening of the

trial announced a readiness to proceed without a jury. The defendant insisted that the case must be tried with a jury, and that plaintiff must pay the fee and moved to dismiss the complaint on the ground that the plaintiff had failed to comply with the order of December 3, 1918. This motion was granted and judgment entered against the plaintiff dismissing the complaint. Plaintiff by notice dated December 23, 1918, appeals from the judgment and specifies in his notice of appeal the several orders above mentioned. The defendant claims that the time to appeal from the order of September 30, 1918, has expired and that this court has no power to review that order. Section 155 of the Municipal Court Code provides that an appeal from a judgment or final order brings up for review an intermediate order specified in a notice of appeal and which necessarily affects the judgment or final order appealed from and has not already been reviewed upon a separate appeal, and it follows, therefore, that all the orders named in the notice of appeal herein may be reviewed by this court upon the appeal from the judgment.

The disposition of this appeal rests wholly upon the legality of the order of September 30, 1918.

Section 232 of the former Municipal Court Act provided that: " When an issue of fact has been joined * * * and a trial by jury has not been demanded, the court may, in its discretion, at any stage of the action * * * direct that a trial thereof be had by jury * * * and the court shall require the fees for the jurors * * * to be paid by the plaintiff." It also further provided that: " If after a trial shall have been had before the court, without a jury, the judge shall, within fourteen days after the submission of the case or proceeding, certify that the evidence is of such a conflicting nature that he has been unable to determine

Appellate. Term, First Department, May, 1919.   [Vol. 107.

the issue of fact, and that he deems it proper that the same should be tried by jury, he may, by order set the case down for trial by a jury," etc.

The new Municipal Court Code contains a provision materially different. Section 118, subdivision 2, provides that unless a demand is made and the jury fee paid a jury trial is waived, provided, however, that the " court may in its discretion, at any time before or during the trial, direct that a trial be had by jury," and further provides that in such a case the plaintiff must pay the jury fee. This difference is a radical one. In effect, it limits the time given to the trial justice to determine whether or not a case should be tried by a jury to a time either " before or during the trial " and expressly excludes the fourteen days after submission in which the court formerly had to order a trial by jury. The change made by section 118 of the Municipal Court Code from section 232 of the former act tends to expedite the determination of cases, as certainly the trial justice can easily determine by an inspection of the pleadings before trial, or from the testimony taken " during the trial " whether or not such a question of fact arises as should be submitted to a jury. It follows, therefore, that the court below had no authority to direct a trial by jury " after trial " and the judgment must be reversed.

Judgment reversed, new trial ordered, with thirty dollars costs to appellant to abide the event, order of September 30, 1918, reversed, order of December 3, 1918, directing plaintiff to pay jury fee reversed, and order denying motion to vacate such order reversed and motion granted.

Guy and FINCH, JJ., concur.

Judgment reversed, new trial ordered, with thirty dollars costs to appellant to abide event.